■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRANT, Appellant. — Appeal by defendant from 12 judgments of the Supreme Court, Kings County (Pizzuto, J.), one of which was rendered October 9, 1980, convicting him of rape in the first degree, sexual abuse in the first degree, robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence, and 11 of which were rendered October 29, 1980, convicting him of rape in the first degree (six counts), sodomy in the first degree (four counts), sexual abuse in the first degree (four counts), robbery in the first degree (eight counts), robbery in the second degree (three counts), attempted robbery in the first degree and assault in the second degree (four counts), upon his pleas of guilty, and imposing sentences.

Judgment rendered October 9, 1980, modified, on the law, by reversing the conviction for sexual abuse in the first degree, vacating the sentence imposed thereon and dismissing the count upon which the conviction was based. As so modified, judgment rendered October 9, 1980 affirmed.

Judgments rendered October 29, 1980 affirmed.

Defendant was tried (under indictment No. 3625/79) upon various charges emanating from the rape and robbery of the complaining witness in the elevator of her apartment building. During the course of his attack, defendant ordered the complaining witness to partially undress and to face the wall. Defendant attempted to place his penis in the victim's vagina but failed because he was taller than his victim. He then directed the complainant to kneel and proceeded to insert his penis into her vagina from behind. Under the facts of this case, we view the attack upon the complaining witness while she was standing against the wall as part and parcel of the continuous conduct culminating in the rape and accordingly modify the judgment rendered October 9, 1980 by reversing the conviction of sexual abuse in the first degree, vacating the sentence imposed thereon and dismissing the count upon which the conviction was based.

Defendant's remaining contentions on appeal lack merit or have not been preserved for appellate review as a matter of law. Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.