■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROLLAND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered October 5, 1983, convicting him of criminal possession of a weapon in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of stolen property in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

The defendant contends that the People failed to adduce evidence as to his guilt of criminal possession of stolen property in the second degree. We agree. An essential element of criminal possession of stolen property in the second degree is that the defendant have the requisite knowledge that the property is stolen (Penal Law § 165.45). This knowledge may be demonstrated by direct proof, or by circumstantial proof, "such as by evidence of recent exclusive possession, defendant's conduct or contradictory statements from which guilt may be inferred" (People v Zorcik, 67 NY2d 670, 671; see, People v Reisman, 29 NY2d 278, 285-286, cert denied 405 US 1041; People v Von Werne, 41 NY2d 584, 590).

At bar, the People proved that the subject property, to wit, a handgun, was stolen from its owner in or about August 1981, approximately six months prior to the defendant's arrest on February 11, 1982. However, the owner testified that she did not see the defendant take the gun, or know that he possessed it. Accordingly, there was no direct proof that the defendant was the thief.

The defendant offered two versions of the incident. He initially told the police that he found the gun in Brooklyn one week prior to the incident. At the trial, the defendant testified that he never had possession of the gun. The People contend that the jury could infer from the foregoing contradictory statements that the defendant had the requisite knowledge that the gun was stolen. However, contrary to the People's contention, the two versions offered by the defendant do not establish, to a moral certainty, that the defendant knowingly possessed a stolen gun. Moreover, in view of the six-month gap between the day of the theft of the gun and the day of the incident, the presumption as to recent and exclusive possession of stolen property does not apply herein (cf. People v Zorcik, supra; People v Miller, 114 AD2d 863). Accordingly, the evidence was insufficient to establish the defendant's guilt of criminal possession of stolen property in the second degree, and that count of the indictment must be dismissed.

The defendant's remaining contention is unpreserved for review, and, in any event, is without merit. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.