■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL McNAB, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant appeals from a judgment convicting him of one count each of rape in the first degree and assault in the second degree; he was acquitted of six counts of rape in the first degree and two counts of sodomy. Defendant's rape conviction must be reversed. Defendant was indicted on seven identical counts of rape by forcible compulsion, the complainant testified at trial that nine acts of rape occurred, and the jury convicted him of only the seventh count of rape. It is impossible to ascertain what alleged act of rape was found by the jury to have occurred, whether it was one of the seven for which he was indicted, or indeed whether different jurors convicted defendant based on different acts. Reversal is required because the jury may have convicted defendant of an unindicted rape, resulting in the usurpation by the prosecutor of the exclusive power of the Grand Jury to determine the charges *(see, People v Grega,* 72 NY2d 489, 495-496). Because defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental and nonwaivable, we reach this issue despite the fact that it is unpreserved *(see, People v Rubin,* 101 AD2d 71, 77). Furthermore, appellate review is impossible without implicating the prohibition against double jeopardy *(see, People v Knight,* 161 AD2d 668; *People v Caliendo,* 158 AD2d 531). The same reasoning applies to the assault conviction, because the complainant testified to more than one act of assault, but defendant was indicted on only one count.

We have examined defendant's remaining arguments on appeal and find that none requires reversal. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—rape, first degree.) Present—Dillon, P. J., Callahan, Green, Pine, and Balio, JJ.