■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN NEWTON, Appellant. [597 NYS2d 13] —Order, Supreme Court, Bronx County (John Byrne, J.), entered on or about June 10, 1991, denying defendant's CPL article 440 motion to set aside defendant's conviction, unanimously affirmed.

Defendant was convicted in 1985, at jury trial, of attempted rape in the first degree and endangering the welfare of a child.

On February 24, 1987 this Court unanimously affirmed the

conviction (127 AD2d 1014) and on May 18, 1987 the Court of Appeals denied leave to appeal (69 NY2d 1007). Approximately six years after his conviction, defendant, for the first time, moved to set aside the verdict on the ground of ineffective assistance of trial counsel arising from counsel's failure to timely put forth an alibi defense. The record reveals defense counsel indicated to the court his intent to call three witnesses (two of whom were closely related to defendant), whose purported testimony would still place defendant within close proximity to the site of the alleged sexual assault. The witnesses, however, were never called. Since defendant failed to raise any factual issue as to whether counsel's decision not to pursue the alibi defense was not the result of a reasoned, professional judgment or that such tactic had a reasonable likelihood of success, the motion court properly summarily rejected defendant's claim that he was deprived of effective assistance of counsel. *(People v Satterfield,* 66 NY2d 796, 799; *People v Oruche,* 181 AD2d 448, *lv denied* 79 NY2d 1052.) Concur—Milonas, J. P., Ellerin, Asch, Kassal and Rubin, JJ.