■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. CURTIS, Appellant. [601 NYS2d 39] —Judgment unanimously affirmed. Memorandum: Defendant was indicted on three counts of rape in the first degree by forcible compulsion and three counts of sodomy in the first degree. The first count of the indictment charged rape by forcible compulsion. The second count charged sodomy by forcible compulsion by penis-to-mouth contact. The third count charged rape by forcible compulsion subsequent to the act alleged in the first count. The fourth count charged rape by forcible compulsion subsequent to the acts alleged in the first and third counts. The fifth count charged sodomy by forcible compulsion by penis-to-

mouth contact subsequent to the act alleged in the second count. The sixth count charged sodomy by forcible compulsion by penis-to-anus contact. The victim testified that three separate acts of rape and three separate acts of sodomy occurred. The jury convicted defendant of all counts of the indictment except the fourth count, which charged rape in the first degree. Contrary to defendant's assertions, reversal is not warranted. In light of the victim's testimony and the manner in which the indictment charged the alleged acts of rape and sodomy, it is manifest what alleged acts of rape were found by the jury to have occurred. Thus, there is no danger that different jurors convicted defendant based on different alleged acts of rape (cf., People v McNab, 167 AD2d 858). Furthermore, we reject defendant's contention that reversal is required because the jury may have convicted him based on different conduct than that for which he was indicted (cf., People v McNab, supra). Additionally, we conclude that the indictment was not duplicitous (cf., People v Jones, 165 AD2d 103, 108-109, lv denied 77 NY2d 962).

The claimed instances of prosecutorial misconduct were not so egregious that defendant was deprived of a fair trial (see, People v Galloway, 54 NY2d 396). Finally, there is no basis to disturb the consecutive sentences imposed. Although the charges contained in counts one through six of the indictment "arose from one incident involving a continuous course of activity, the evidence presented by the People demonstrated that the defendant engaged in separate sexual acts constituting distinct offenses justifying making the sentences imposed for sodomy in the first degree consecutive to the sentences imposed for rape in the first degree" (People v Telford, 134 AD2d 632, 633, lv denied 71 NY2d 903; see, People v Barber, 162 AD2d 955, lv denied 76 NY2d 937). (Appeal from Judgment of Monroe County Court, Egan, J.—Rape, 1st Degree.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.