■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SHAW, Appellant. [647 NYS2d 751] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered September 17, 1992, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed. Order of the Supreme Court, Bronx County (Richard Price, J.), entered on or about March 9, 1993,

which denied defendant's CPL 440.10 motion to set aside his conviction, unanimously affirmed.

At trial, one of the robbery victims testified that he could not remember defendant's face because the robbery occurred "too long ago". He was, however, able to remember picking out number five in a lineup held several hours after the robbery. Accordingly, a sufficient basis was established for testimony by a detective that defendant occupied position five and the witness positively identified him at the lineup (CPL 60.25 [1] [b]; compare, *People v Quevas*, 81 NY2d 41). Defendant's contention that a detective's testimony respecting the description of the robbers by the victims, and the fact that one of the robbers was shot in the hand during a struggle, which were communicated to a police officer at Harlem Hospital, constituted inadmissible hearsay, was not preserved for review by a general "objection" (CPL 470.05 [2]; *People v Clarke*, 81 NY2d 777), and we decline to review it in the interest of justice. Were we to review the contention, we would find that the detective's testimony was not admitted to establish the truth of the information communicated, but rather "to complete the narrative of events leading up to defendant's apprehension" (*People v Justice*, 202 AD2d 362, *lv denied* 83 NY2d 1004; *see, People v Mosely*, 200 AD2d 430, *lv denied* 83 NY2d 856).

Defendant's *pro se* argument that he was improperly removed from Harlem Hospital and placed in a lineup is without merit. The description of the robbers, and their clothing, together with the fact that one of the robbers had been shot in the hand, provided probable cause to arrest defendant. In any event, only reasonable suspicion that defendant had committed the robbery was necessary to detain defendant and place him in a lineup (*People v Hicks*, 68 NY2d 234, 241-242), and that was more than amply established herein.

Defendant's CPL 440.10 motion to set aside his conviction on the ground of ineffective assistance of counsel was properly denied. Counsel's decision not to call alibi witnesses who would have placed defendant in close proximity to the robbery around the time that it occurred appears to have been a well-advised trial strategy. "Since defendant failed to raise any factual issue as to whether counsel's decision not to pursue the alibi defense was not the result of a reasoned, professional judgment or that such tactic had a reasonable likelihood of success, the motion court properly summarily rejected defendant's claim that he was deprived of effective assistance of counsel." (*People v Newton*, 192 AD2d 447; *see, People v Benjamin*, 151 AD2d 685.)

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.