and the transmission. That evidence was sufficient to raise an issue of fact that a defect existed despite the failure of pretrial testing to reveal a defect. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.

■ FRANCINE L. BURNS, Appellant, v EDWARD J. BURNS, Respondent. (Appeal No. 1.) [661 NYS2d 547] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sirkin, J. (Appeal from Order of Supreme Court, Monroe County, Sirkin, J.—Support.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.

■ FRANCINE L. BURNS, Appellant, v EDWARD J. BURNS, Respondent. (Appeal No. 2.) [661 NYS2d 547] —Order unanimously affirmed without costs. Memorandum: The record establishes that plaintiff has sufficient assets and income with which to pay her counsel fees. Thus, Supreme Court did not abuse its discretion in denying her application for counsel fees (see, Matter of Lawrence v Lawrence, 187 AD2d 995; Sementilli v Sementilli, 102 AD2d 78, 91; cf., McCarthy v McCarthy, 172 AD2d 1040). (Appeal from Order of Supreme Court, Monroe County, Sirkin, J.—Counsel Fees.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HALL, Appellant. [662 NYS2d 929] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's conviction is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We reject the contention of defendant that the jury may have convicted him of an unindicted rape and sodomy (cf., People v McNab, 167 AD2d 858). The victim's testimony does not establish additional acts of rape and sodomy. Thus, there is no support for that contention (see, People v Curtis, 195 AD2d 968, 969, lv denied 82 NY2d 752). Finally, there is no merit to the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.

■ LESTER JOHNS, INC., et al., Appellants-Respondents, v LESTER A. JOHNS, Individually and as Former Sole Shareholder, Officer and Director of LESTER JOHNS, INC., Respondent-Appellant. [661 NYS2d 565] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Graney, J. (Appeals from Judgment of Supreme Court, Gen-