■ The People of the State of New York, Respondent, v Philip George, Appellant. [681 NYS2d 717] —Judgment modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that his conviction of rape in the first degree must be reversed because he may have been convicted of a crime for which he was not indicted. We agree. Defendant was charged under count five of the indictment with rape in the first degree arising from his sexual intercourse with complainant by forcible compulsion on March 28, 1995. Although defendant was indicted for only one act of rape, complainant testified that two acts of rape were committed by defendant on that date. Because the jury may have convicted defendant of the act of rape for which he was not indicted, defendant's right to have charges preferred by the Grand Jury rather than the prosecutor at trial was violated (*see, People v Grega,* 72 NY2d 489, 495-496; *People v Ball,* 231 AD2d 853, 854, *lv denied* 89 NY2d 1032; *People v Catalano,* 178 AD2d 962, *lv denied* 79 NY2d 919; *People v McNab,* 167 AD2d 858). Furthermore, under these circumstances, "meaningful appellate review of the legal or factual sufficiency of the evidence is impossible without implicating the prohibition against double jeopardy" (*People v Ball, supra,* at 854). Consequently, we modify the judgment by reversing defendant's conviction of rape in the first degree, vacating the sentence imposed thereon and dismissing count five of the indictment (*see, People v Catalano, supra; People v McNab, supra*).

Defendant further contends that reversal is required because Supreme Court improperly admitted the hearsay statements of complainant to the doctor who examined her at the hospital. Because defense counsel made only a general objection to the admission of that evidence, the issue has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Clarke,* 81 NY2d 777, 778; *People v Shaw,* 232 AD2d 174, 175, *lv denied* 89 NY2d 946). Were we to reach the issue, we would conclude that any error in the admission of that evidence is harmless (*see, People v Crimmins,* 36 NY2d 230, 242).

We reject defendant's remaining contention that the sentence is unduly harsh or severe.

All concur except Pigott, Jr., and Callahan, JJ., who dissent and vote to affirm in the following Memorandum.

Piggott, Jr., and Callahan, JJ. (dissenting). We respectfully dissent. Defendant contends that his conviction of rape in the first degree must be reversed because he may have been convicted of a crime for which he was not indicted. Defendant was charged with and convicted of a single count of rape in the first degree. The victim testified on direct and cross-examination about a single act of rape. Defendant argues that the victim's testimony on redirect examination can be construed as referring to a separate, earlier act of rape. Later in her redirect testimony, however, the victim clarified that testimony and thereby eliminated any ambiguity. Further, during their summations, defense counsel and the prosecutor referred to a single act of rape. "Thus, there is no danger that different jurors convicted defendant based on different acts of rape * * * [or that] the jury may have convicted him based on different conduct than that for which he was indicted" (*People v Curtis*, 195 AD2d 968, 969, *lv denied* 82 NY2d 752; *cf., People v Catalano*, 178 AD2d 962, *lv denied* 79 NY2d 919; *People v McNab*, 167 AD2d 858). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.