■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOICE F. SMITHERS, JR., Appellant. (Appeal No. 1.) [683 NYS2d 680] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his present contention that the two acts of sodomy that allegedly occurred on January

29, 1995, were part of a continuous course of conduct and should have been charged as a single offense. In any event, that contention lacks merit. According to the victim, there were two separate and distinct acts of deviate sexual intercourse (*see,* Penal Law § 130.00 [2]). Thus, the evidence does not support defendant's contention that the first act of sodomy was "part and parcel of the continuous conduct culminating" in the second act of sodomy (*People v Grant,* 108 AD2d 823). Because defendant engaged in two separate and distinct acts of sodomy, and neither completed offense was a material element of the other offense, County Court properly imposed consecutive sentences (*see, People v Guthrie,* 222 AD2d 1084, 1085, *lv denied* 87 NY2d 973; *People v Curtis,* 195 AD2d 968, 969, *lv denied* 82 NY2d 752).

We reject the further contention of defendant that the conviction of sexual abuse in the first degree is not supported by legally sufficient evidence because the People failed to establish that he committed the act for the purpose of sexual gratification. That element may be inferred from his conduct (*see, People v Beecher,* 225 AD2d 943, 944-945). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sodomy, 1st Degree.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.