■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. THOMAS, Also Known as BOBBY E. THOMAS, Appellant. [700 NYS2d 620] —Judgment unanimously affirmed. Memo-

randum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant failed to preserve for our review his present contention that counts two and three of the indictment are duplicitous (*see, People v Fontanez*, 254 AD2d 762, 765, *lv denied* 93 NY2d 852). That contention is without merit in any event. " 'Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others' " (*People v Charles,* 61 NY2d 321, 327-328, quoting *People v Nicholas,* 35 AD2d 18, 20; *see also, People v McGuire,* 152 AD2d 945, *lv denied* 74 NY2d 849). The victim, a six-year-old child, testified to only one instance of sexual contact (*see, People v Curtis,* 195 AD2d 968, 969, *lv denied* 82 NY2d 752). Further, in its charge, Supreme Court specified that defendant could be convicted of sexual abuse in the first degree only if the jury found that defendant had touched the victim's vagina with his hand. Thus, there is no danger that the jury convicted defendant of a crime for which he was not indicted (*cf., People v George,* 255 AD2d 881).

Contrary to defendant's contention, the unsworn testimony of the victim was sufficiently corroborated (*see, People v White*, 237 AD2d 931, *lv denied* 90 NY2d 866). The People presented evidence that the victim complained of pain in her vaginal area, that she tested positive for gonorrhea and that defendant was living in the same apartment with her at the time the victim indicated the sexual abuse occurred. They also presented medical evidence that it is possible for gonorrhea to be transmitted by digital penetration, and further corroboration was provided by defendant's statement to the police that some sort of sexual contact could have occurred between defendant and the victim.

Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). The prosecutor was not required to inform the Grand Jury that, at the time of his arrest, defendant did not test positive for gonorrhea. That evidence would not have exonerated defendant, and, in any event, it relates to the collateral issue of credibility "that generally does not materially influence a Grand Jury

investigation" (*People v Dillard,* 214 AD2d 1028). We have examined defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.