■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IYAKIE M. BRYAN, Appellant. [705 NYS2d 924] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). We reject the contention of defendant that he was convicted of an unindicted offense. Defendant was indicted and tried for the possession of all the cocaine found in the vehicle that he was driving (cf., People v McNab, 167 AD2d 858). To the extent that defendant contends that counts one and two of the indictment are duplicitous, that contention is not preserved for our review (see, People v Thomas, 267 AD2d 949; People v Rivera, 257 AD2d 425, lv denied 93 NY2d 901). In any event, each count "properly aggregated all the drugs simultaneously found in defendant's constructive possession" (People v Rivera, supra, at 426). We also reject defendant's contention that Supreme Court abused its discretion in summarily denying defendant's CPL 330.30 motion alleging juror misconduct (see, People v Rhodes, 92 AD2d 744). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BUGGS, Appellant. [705 NYS2d 914] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's Batson challenge to the prosecutor's exercise of a peremptory challenge to a black prospective juror. Even assuming, arguendo, that defendant met his initial burden by establishing a prima facie case of discrimination, we conclude that the prosecutor provided a race-neutral explanation for excluding the prospective juror, and there is no basis to disturb the court's determination that the explanation was not pretextual (see, People v Virgil, 266 AD2d 847; People v Clark, 262 AD2d 1051, lv denied 93 NY2d 1016; People v Hoskins, 254 AD2d 729). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.