■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN COMBO, Appellant. [713 NYS2d 414] —Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction of burglary in the second degree (Penal Law § 140.25 [2]) must be reversed because he may have been convicted of a crime for which he was not indicted. We disagree. Defendant was charged under count one of the indictment with burglary in the second degree arising from his illegal entry into a residence between March 15 and March 25, 1995 and theft of items from that residence. Defendant was indicted for only one illegal entry, but there was evidence that it would have taken multiple entries to remove all of the furniture that was missing from the residence. The testimony at trial, however, established only one entry by defendant, on March 22 or 23, 1995. While one witness testified that she saw defendant on the porch on a different date, she testified only that she saw defendant walk onto the porch and leave without entering the residence. Because there was testimony of only one illegal entry within the dates charged in the indictment,

there is no danger that defendant was convicted of a crime for which he was not indicted (*see, People v Hall*, 238 AD2d 886, *lv denied* 90 NY2d 905; *cf., People v George*, 255 AD2d 881), nor did Supreme Court err in failing to charge the jury that they must be unanimous on the same illegal entry.

We further reject defendant's contention that the court's charge on recent and exclusive possession was erroneous. The court properly charged the jury with respect to the permissive inference of guilt that may be drawn from defendant's recent and exclusive possession of an item stolen in the burglary (*see, People v Baskerville*, 60 NY2d 374, 383). The 10-day period between the time of the theft and the discovery of the item in defendant's possession is not so long a period as to vitiate the inference as a matter of law (*cf., People v Rolland*, 128 AD2d 650). While it would have been preferable for the court to have given a more detailed charge such as that contained in the Criminal Jury Instructions (1 CJI[NY] 9.80), the charge as given adequately conveyed the proper legal standards (*see, People v Ryan*, 224 AD2d 644, 645, *lv denied* 88 NY2d 853; *see also, People v Cowans*, 213 AD2d 344, 344-345, *lv denied* 85 NY2d 971). Defendant's contention that the court should have charged the jury that it could infer that defendant merely possessed the property is not preserved for our review (*see, People v Kinsella*, 245 AD2d 1099, 1099-1100, *lv denied* 91 NY2d 1009; *see also, People v Vargas*, 88 NY2d 363, 381), nor are defendant's remaining contentions concerning the viewing of the crime scene and prosecutorial misconduct preserved for our review (*see,* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.