◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD ALSTON, Appellant. [714 NYS2d 252] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]). The indictment charged defendant with, *inter alia,* acts of sodomy and rape. Contrary to the contention of defendant, the verdict acquitting him of the first charged count of rape and finding him guilty of the second charged count of rape does not implicate the prohibition against double jeopardy. In his opening statement, the prosecutor referred to the sequence in which defendant allegedly committed the charged crimes and the victim then testified to the acts in the order in which they were charged in the indictment. Thus, there is no danger that different jurors convicted defendant based on different alleged acts of rape (*see, People v Hutchinson,* 213 AD2d 1048, *lv denied* 86 NY2d 736; *People v Curtis,* 195 AD2d 968, *lv denied* 82 NY2d 752; *cf., People v Ball,* 231 AD2d 853, *lv denied* 89 NY2d 1032; *People v McNab,* 167 AD2d 858).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19). We reject the contentions of defendant that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495) and that the sentence is unduly harsh and severe. Defendant also failed to preserve for our review his contention that the verdict

is repugnant (*see, People v Alfaro*, 66 NY2d 985, 987), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Egan, J.—Rape, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.