■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SHAUGHNESSY, Appellant. [730 NYS2d 467] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a jury trial of four counts each of rape in the second degree (Penal Law § 130.30), incest (Penal Law § 255.25), and sexual abuse in the second degree (Penal Law § 130.60 [2]), and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). County Court did not abuse its discretion in denying defendant's motions for a mistrial based on direct and indirect references to defendant's mental health (*see generally, People v Or-*

*tiz*, 54 NY2d 288, 292). Nor was defendant denied a fair trial based on testimony concerning his silence during questioning by the police and his request for counsel; the court "gave an appropriate curative instruction" and thereby alleviated any prejudice to defendant (*People v Clark*, 281 AD2d 947, 948). In addition, the court did not abuse its discretion in denying defendant's challenge for cause to a prospective juror (*see, People v Wiegert*, 248 AD2d 929, *lv denied* 91 NY2d 1014). Upon questioning by defense counsel, the prospective juror "clearly express[ed] that any prior * * * opinions that reveal[ed] the potential for bias [would] not prevent [him] from reaching an impartial verdict" (*People v Arnold*, 96 NY2d 358, 362).

The judgment must be modified, however, by reversing the conviction of counts 7 through 15 of the indictment. Counts 7 through 18, charging four acts each of rape in the second degree, incest, and sexual abuse in the second degree in January 1998, "were never linked sequentially or otherwise to the proof" (*People v Ball*, 231 AD2d 853, 854, *lv denied* 89 NY2d 1032), and the victim testified to more than four instances of sexual contact during January 1998 (*see, People v McNab*, 167 AD2d 858; *cf., People v Alston*, 275 AD2d 997, *lv denied* 96 NY2d 756). "Because the jury may have convicted defendant of * * * act[s] of rape[, incest, and sexual abuse] for which he was not indicted, defendant's right to have charges preferred by the Grand Jury rather than the prosecutor at trial was violated" (*People v George*, 255 AD2d 881; *see, People v McNab, supra*, at 858). In addition, "[i]t is impossible to ascertain * * * whether different jurors convicted defendant based on different acts" (*People v McNab, supra*, at 858). Furthermore, because the jury acquitted defendant of one count each of rape in the second degree (count 16), incest (count 17), and sexual abuse in the second degree (count 18), "meaningful appellate review of the legal or factual sufficiency of the evidence is impossible without implicating the prohibition against double jeopardy" (*People v Ball, supra*, at 854; *see, People v Foreman*, 168 AD2d 928, *lv denied* 77 NY2d 994; *cf., People v Palmer*, 272 AD2d 891, 891-892). We reach this issue although it is unpreserved for our review (*see, People v Ball, supra*, at 854; *People v McNab, supra*, at 858; *People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711). We therefore modify the judgment by reversing defendant's conviction of rape in the second degree under counts 7, 10, and 13, incest under counts 8, 11, and 14, and sexual abuse in the second degree under counts 9, 12, and 15, vacating the sentences imposed thereon and dismissing counts 7 through 15 of the indictment. (Appeal from Judgment

of Onondaga County Court, Fahey, J.—Rape, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.