THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLIN WOODEN, Appellant. [735 NYS2d 465] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of seven counts each of rape in the first degree (Penal Law §§ 20.00, 130.35 [1]) and sodomy in the first degree (Penal Law §§ 20.00, 130.50

[1]), two counts of attempted sodomy in the first degree (Penal Law §§ 20.00, 110.00, 130.50 [1]), and five counts of sexual abuse in the first degree (Penal Law §§ 20.00, 130.65 [1]). We reject defendant's contention that County Court erred in refusing to unseal the youthful offender adjudication file of one of the victims following an in camera review of that file. Although the illegal and immoral acts underlying a youthful offender adjudication may be used for impeachment purposes (*see, People v Vidal,* 26 NY2d 249, 253-254), "[t]he extent to which disparaging questions, not relevant to the issues, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court" (*People v Duffy,* 36 NY2d 258, 262, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *cf., People v Caines,* 221 AD2d 278, *lv denied* 88 NY2d 845). Here, it cannot be said that the court abused its discretion in refusing to unseal the file, particularly in view of the fact that the victim's testimony was supported by a videotape of the events.

We further reject defendant's contention that the conviction of one count each of rape and sexual abuse should be reversed because there was testimony concerning multiple acts of rape and sexual abuse by one of the codefendants but only one count of each crime was charged, and thus there is a risk that defendant was convicted of an unindicted crime. The "acts" of sexual abuse were not separate and distinct acts but were "part and parcel of the continuous conduct" (*People v Grant,* 108 AD2d 823; *cf., People v Smithers,* 255 AD2d 916, 917, *lv denied* 92 NY2d 1054; *People v Yankowitz,* 169 AD2d 748, *lv denied* 77 NY2d 883), and the testimony did not establish more than one act of rape by the codefendant (*see, People v Hall,* 238 AD2d 886, *lv denied* 90 NY2d 905; *cf., People v Catalano,* 178 AD2d 962, *lv denied* 79 NY2d 919). Finally, defendant failed to preserve for our review his contention that the court erred in its charge to the jury (*see,* CPL 470.05 [2]; *People v Adams,* 278 AD2d 920, 921, *lv denied* 96 NY2d 825), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Marks, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ.