■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE WATKINS, Appellant. [752 NYS2d 500] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered June 2, 2000, convicting defendant following a nonjury trial of, inter alia, rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a bench trial of, inter alia, rape in the first degree (Penal Law former § 130.35 [1]) and sexual abuse in the first degree (former § 130.65 [1]) defendant contends that he was denied

his constitutional right to be tried on charges determined by the grand jury. We note at the outset that, contrary to the contention of the People, preservation of this issue is not required because "[t]he right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" (*People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711). Defendant contends that the victim testified before the grand jury and at trial that defendant committed two acts of rape, that he was indicted for only one act of rape, and that the People failed to specify which act the rape count was intended to encompass. We reject that contention. The victim testified before the grand jury and at trial that defendant held a knife to her throat and forced her to enter his house. Once inside the house, they proceeded to the kitchen and defendant removed the victim's clothes. Defendant took the victim to another room at knifepoint, and he then inserted his penis into the victim's vagina. Defendant left the house for a period of 2 or 3 minutes and returned, again inserting his penis into the victim's vagina. When defendant again left the house, the victim ran naked out of the house, seeking assistance. We conclude that the briefly interrupted act of sexual intercourse (*see generally* Penal Law § 130.00 [1]) was "part and parcel of the continuous conduct" that constituted one act of rape (*People v Grant,* 108 AD2d 823, 823; *cf. People v Smithers,* 255 AD2d 916, 917, *lv denied* 92 NY2d 1054; *People v George,* 255 AD2d 881). Furthermore, contrary to the contention of defendant, the indictment provided him with notice of the rape charge for which he was tried (*see People v Grega,* 72 NY2d 489, 496). Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.