■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN W. BURNETT, Appellant. [760 NYS2d 800] —Appeal from a judgment of Seneca County Court (Bender, J.), entered October 30, 2001, convicting defendant after a jury trial of, inter alia, sexual abuse in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of promoting prison contraband in the second degree under counts 14, 15 and 16 of the indictment as renumbered and official misconduct under count 17 of the indictment as renumbered, vacating the sentences imposed thereon and dismissing those counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant was convicted after a jury trial of three counts of sexual abuse in the second degree (Penal Law § 130.60 [1]), four counts of promoting prison contraband in the second degree (§ 205.20 [1]) and one count of official misconduct (§ 195.00 [1]). We agree with defendant that the three counts of promoting prison contraband alleged to have occurred "on or about a day in the month of October 2000" were never linked sequentially or otherwise to the proof, and there was testimony concerning more than three incidents of promoting prison contraband during that time. Thus, those parts of the judgment convicting defendant of those counts must be reversed (*see People v Shaughnessy*, 286 AD2d 856, 857 [2001], *lv denied*

97 NY2d 688 [2001]; *People v McNab*, 167 AD2d 858 [1990]; *cf. People v Curtis*, 195 AD2d 968 [1993], *lv denied* 82 NY2d 752 [1993]). We further agree with defendant that the part of the judgment convicting him of official misconduct must also be reversed. "Where[, as here,] there is a variance between the proof and the indictment [as amplified by the bill of particulars], and where the proof is directed exclusively to a new theory rather than the theory charged in the indictment, the proof is deemed insufficient to support the conviction" (*People v Smith*, 161 AD2d 1160, 1161 [1990], *lv denied* 76 NY2d 865 [1990]; *see People v Orso*, 270 AD2d 947, 948 [2000], *lv denied* 95 NY2d 856 [2000]). Although defendant failed to preserve those contentions for our review, we nevertheless reach them because the "right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]).

The contention of defendant that County Court erred in denying his motion to suppress his statements to an investigator with the Department of Corrections is moot because those statements were never introduced at trial (*see People v Falcon*, 281 AD2d 368, 368-369 [2001], *lv denied* 96 NY2d 901 [2001]; *People v Townsley*, 240 AD2d 955, 957 [1997], *lv denied* 90 NY2d 943, 1014 [1997]). Defendant further contends that the testimony of a second investigator with the Department of Corrections who took statements from the inmates involved improperly bolstered the testimony of the complaining witnesses. That contention is not preserved for our review inasmuch as defendant failed to object to the testimony of that investigator (*see People v Yelle*, 303 AD2d 1043 [2003]; *People v Martinez*, 298 AD2d 897, 899 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US —, 123 S Ct 1752 [2003], *reh denied* — US —, 123 S Ct 2266 [June 2, 2003]). In any event, the testimony of the investigator did not constitute improper bolstering because he testified only with respect to his own observations of the demeanor of the inmates and did not testify with respect to their statements (*see People v Williams*, 216 AD2d 211, 212 [1995], *lv denied* 87 NY2d 920, 926 [1996]). Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to that part of the judgment convicting him of count 12 of the indictment as renumbered (*see People v Gray*, 86 NY2d 10, 19 [1995]). We have examined defendant's remaining contention and conclude that it is without merit. We therefore modify the judgment by reversing those parts convicting defendant of promoting prison contraband in the second degree under counts 14, 15 and 16 of

the indictment as renumbered and official misconduct under count 17 of the indictment as renumbered, vacating the sentences imposed thereon and dismissing those counts of the indictment. Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.