■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LASTER, Appellant. (Appeal No. 1.) [911 NYS2d 274]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered December 21, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (four counts), sexual abuse in the first degree (two counts) and sodomy in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts four and five of the indictment shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from two judgments convicting him following a jury trial of, inter alia, five counts of rape in the first degree (Penal Law § 130.35 [1]) and three counts of sexual abuse in the first degree (§ 130.65 [1]). We reject the contention of defendant in appeal No. 1 that the "John Doe" indictment that identified him using only his DNA profile was jurisdictionally defective and violated his "right to be fairly notified that he was the person accused in the indictment." "Absent a constitutional or statutory prohibition, a DNA indictment is an appropriate method to prosecute perpetrators of some of the most heinous criminal acts. Indeed, the prevalence of DNA databanks today as a criminal justice tool supports the conclusion that a defendant can be properly identified by a DNA profile, especially in light of the accuracy of this identification. The chance that a positive DNA match does not belong to the same person may be less than one in 500 million" (*People v Martinez*, 52 AD3d 68, 73 [2008], *lv denied* 11 NY3d 791 [2008]).

Here, as in *Martinez*, "[d]efendant's right to notice of the charges attached at his arraignment . . . , at which time the indictment was unsealed . . . At the arraignment, defendant was informed of the charges against him and given a copy of the indictment. Defendant was thus necessarily placed on notice that he was the individual charged in the indictment. Nothing in CPL 200.50 requires that an individual charged in an indictment be referred to in any particular manner, and we conclude that a 'John Doe' indictment accompanied by a specific DNA profile is sufficient to give a defendant notice of the charges against him" (*id.* at 72). Defendant's "constitutionally grounded right to fair notice of the crime of which [defendant] is accused is not dependent on [his] subjective capacity . . . to understand it. Just as defendant is not required to be literate for a written indictment to be valid, he is not required to be a geneticist to be subject to indictment by DNA profile" (*id.* at 73). We note that several courts outside of New York have upheld the use of ac-

cusatory instruments that identify the defendant only by his or her DNA profile (*see generally People v Robinson*, 47 Cal 4th 1104, 1132-1134, 224 P3d 55, 73-74 [2010], *cert denied* 562 US —, 131 S Ct 72 [2010]). Further, we note that identifying a defendant by DNA profile is more precise than identifying a defendant by name, photograph or any other description (*see generally id.*).

We agree with defendant in appeal No. 1, however, that County Court erred in imposing consecutive sentences for counts four and five of the indictment, charging defendant with separate acts of rape against the same victim, only moments apart. "We conclude that the briefly interrupted act of sexual intercourse . . . was 'part and parcel of the continuous conduct' that constituted one act of rape" (*People v Watkins*, 300 AD2d 1070, 1071 [2002], *lv denied* 99 NY2d 659 [2003]). We therefore modify the order accordingly. We have considered defendant's remaining contentions in each appeal and conclude that they are without merit. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.