# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1243**

**KA 09-02638**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                     V                             MEMORANDUM AND ORDER

LOUIS LEDDICK, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (ROBERT R. REITTINGER OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 27, 2009. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts), rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts of predatory sexual assault against a child (Penal Law § 130.96), and one count each of rape in the first degree (§ 130.35 [3]), criminal sexual act in the first degree (§ 130.50 [3]) and sexual abuse in the first degree (§ 130.65 [3]). The conviction arises out of defendant's sexual assault of a seven-year-old girl with whom he had forcible sexual intercourse. According to the testimony at trial, a medical examination of the victim revealed that she had sustained a third degree laceration of the vaginal area, similar to a tear from a vaginal birth, which extended down to her anal sphincter. Defendant's contention that the evidence is legally insufficient to support the conviction is unpreserved for our review (*see People v Gray*, 86 NY2d 10, 19). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), other than to note that the evidence that defendant engaged in sexual intercourse with the victim is overwhelming. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that County Court erred in directing that the sentences imposed on counts one and three of the indictment, for predatory sexual assault and rape related to penis to vagina sexual contact, shall run consecutively to the sentences imposed under counts two and four of the indictment, for predatory sexual assault and criminal sexual act based on penis to anus sexual contact. The evidence established that defendant committed only one act of sexual assault, during which his penis entered the victim's vagina with such force that it tore through the vaginal wall and entered the anus. Thus, his penile contact with the victim's vagina and anus occurred as " 'part and parcel of the [same] continuous conduct' " (*People v Watkins*, 300 AD2d 1070, 1071, *lv denied* 99 NY2d 659). The court directed that the sentence imposed on count five run concurrently to the sentence imposed on count three, and we conclude that all of the sentences must run concurrently (*see People v Laster*, 78 AD3d 1479, 1481, *lv denied* 16 NY3d 798), which results in an aggregate sentence of imprisonment of 25 years to life. We therefore modify the judgment accordingly.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court