# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1372**

**KA 14-00322**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARK W. UTLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered October 24, 2013. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the indictment is dismissed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of endangering the welfare of a child (Penal Law § 260.10 [1]), defendant contends that County Court erred in allowing the jury to consider conduct for which defendant was not indicted. We agree. We note at the outset that, contrary to the People's contention, defendant preserved this issue for our review based on his exception to the court's response to the jury note (*cf. People v Harris*, 129 AD3d 1522, 1524-1525). As set forth in the indictment and bill of particulars, as well as pursuant to the People's theory at trial, the endangerment charge was based on the conduct alleged in the preceding six counts of rape in the second degree and incest in the second degree, of which defendant was acquitted. After receiving a jury note during deliberations, the court instructed the jurors that they were not precluded from considering conduct other than the alleged rape and incest when considering the endangerment charge. That instruction allowed the jury to consider conduct not charged in the indictment. " 'Because the jury may have convicted defendant of . . . act[s] . . . for which he was not indicted, defendant's right to have charges preferred by the [g]rand [j]ury rather than the prosecutor at trial was violated' " (*People v Shaughnessy*, 286 AD2d 856, 857, *lv denied* 97 NY2d 688; *see People v Duell*, 124 AD3d 1225, 1226, *lv denied* 26 NY3d 967). Additionally, based on the vague nature of the court's instruction, "[i]t is impossible to ascertain what alleged act of [endangerment] was found by the jury to have occurred, whether it was one . . . for which he was indicted, or indeed whether different jurors convicted defendant based on different acts" (*People v McNab*,

167 AD2d 858, 858; *see Shaughnessy*, 286 AD2d at 857).

In view of our decision, we do not address defendant's remaining contention.

Entered:  December 31, 2015                Frances E. Cafarell
                                           Clerk of the Court