People v Franklin (2022 NY Slip Op 03616)

People v Franklin

2022 NY Slip Op 03616

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

304 KA 16-00442

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY FRANKLIN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY FRANKLIN, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 17, 2015. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (four counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed for predatory sexual assault against a child under counts one, three, and five of the indictment shall run concurrently with each other and reducing the sentence imposed for predatory sexual assault against a child under count seven of the indictment to an indeterminate term of imprisonment of 10 years to life, and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of predatory sexual assault against a child (Penal Law § 130.96). In appeal No. 2, defendant appeals, by permission of this Court, from an order that, inter alia, denied without a hearing his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction on the ground that he was denied effective assistance of counsel. Defendant contends in his pro se supplemental brief in appeal No. 1 that he was denied effective assistance of counsel. Defendant contends in his main brief in appeal No. 2 that County Court erred in denying the motion without a hearing. We reject those contentions.
Where, as here, "an ineffective assistance of counsel claim involves . . . 'mixed claims' relating to both record-based and nonrecord-based issues . . . [, such] claim may be brought in a collateral proceeding, whether or not the [defendant] could have raised the claim on direct appeal" (People v Evans, 16 NY3d 571, 575
n 2 [2011], cert denied 565 US 912 [2011]; see People v Streeter, 194 AD3d 1407, 1408 [4th Dept 2021], lv denied 37 NY3d 974 [2021], reconsideration denied 37 NY3d 1029 [2021]; People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]). "In such situations, i.e., where the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety' " (Wilson, 162 AD3d at 1592). "That is because each alleged shortcoming or failure by defense counsel should not be viewed as a separate ground or issue raised upon the motion"; rather, the claim of ineffective assistance of counsel "constitutes a single, unified claim that must be assessed in totality" (id. [internal quotation marks omitted]; see Streeter, 194 AD3d at 1408). Thus, as the People correctly concede, the court erred to the extent that it denied defendant's motion as procedurally barred (see Wilson, 162 AD3d at 1592).
We nonetheless conclude that the court properly denied the motion on the merits. It is [*2]well settled that a claim of ineffective assistance "requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (People v Rivera, 71 NY2d 705, 708-709 [1988]; see People v Kates, 162 AD3d 1627, 1632 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019], cert denied — US &mdash, 141
S Ct 117 [2020]). Here, defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for trial counsel's alleged shortcomings (Rivera, 71 NY2d at 709), and defendant's mere disagreement with trial counsel's strategy was insufficient to establish that trial counsel was ineffective (see id. at 708-709; Kates, 162 AD3d at 1632). Indeed, trial counsel "cannot be deemed ineffective for failing to pursue a strategy or defense that had little or no chance of success" (People v Crampton, 201 AD3d 1020, 1024 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]; see generally People v Caban, 5 NY3d 143, 152 [2005]). Moreover, we conclude that the court, upon considering the merits, properly denied the motion without a hearing, pursuant to CPL 440.30 (4) (b) and (d) (see Streeter, 194 AD3d at 1408-1409; People v Atkins, 107 AD3d 1465, 1466 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]).
Defendant failed to preserve for our review his contention in his main brief in appeal No. 1 that the sentence constitutes cruel and unusual punishment (see People v Pena, 28 NY3d 727, 730 [2017]; People v Archibald, 148 AD3d 1794, 1795 [4th Dept 2017], lv denied 29 NY3d 1075 [2017]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We agree, however, with the contention in defendant's main brief in appeal No. 1 that the sentence is unduly harsh and severe. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime[s] charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305 [1981]). Here, although defendant's conduct was—as aptly described by the court at sentencing, in particular consideration of its impact on the victim—undeniably heinous and despicable, we conclude that the aggregate prison sentence of 80 years to life is not justified under the circumstances of this case. The record indicates, and the People do not dispute, that defendant had no prior criminal history (cf. People v Russell, 155 AD3d 1432, 1434 [3d Dept 2017], lv denied 30 NY3d 1119 [2018]; People v Eriksen, 145 AD3d 1110, 1113 [3d Dept 2016], lv denied 28 NY3d 1183 [2017]). In contrast to the aggregate sentence imposed by the court, which effectively guarantees a life sentence without the possibility of parole, we conclude that a prison sentence aggregating to 30 years to life is an appropriate sanction for the crimes committed here (see e.g. People v Sorrell, 108 AD3d 787, 788, 794 [3d Dept 2013], lv denied 23 NY3d 1025 [2014]; People v Leddick, 89 AD3d 1558, 1559 [4th Dept 2011], lv denied 19 NY3d 1027 [2012]; People v Beauharnois, 64 AD3d 996, 997-998, 1001 [3d Dept 2009], lv denied 13 NY3d 834 [2009]). A sentence of such length accounts for the nature of the crimes and the circumstances of defendant, and will serve the purpose of societal protection while also providing an incentive and opportunity for defendant to achieve and demonstrate rehabilitation in the future (see generally Farrar, 52 NY2d at 305-306). We therefore modify the judgment accordingly.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court