■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SMITH, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: It was error for the court to fail to sequester the jury during deliberations as required by CPL 310.10 *(People v Coons,* 75 NY2d 796; *People v Webb,* 161 AD2d 1167 [decided herewith]). Although

both defendant and his counsel consented to sending the jurors home overnight, the requirements of CPL 310.10 cannot be waived or consented to *(People v Coons, supra)*. The procedural error committed here is one which has been classified as among those " 'that would affect the organization of the court or the mode of proceedings prescribed by law' " *(People v Ahmed,* 66 NY2d 307, 310, *rearg denied* 67 NY2d 647, quoting *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197). Since the right protected by CPL 310.10 is of such fundamental importance that defendant can neither waive it nor consent to its violation, such error is per se reversible.

Additionally, the indictment must be dismissed because the proof was insufficient to sustain it. Count one of the indictment accused defendant of engaging in a scheme to defraud by false pretense—i.e., misrepresentation of a past or existing fact. The People's proof, however, focused exclusively on the theory of scheme to defraud by false promise—i.e., misrepresentation of an intent to perform future acts. Where the allegation in an indictment is specifically limited to a particular theory of prosecution, the defendant is entitled to rely on that allegation and the People are bound to prove it *(People v Roberts,* 72 NY2d 489, 498; *People v Powell,* 153 AD2d 54; *People v Termotto,* 155 AD2d 965, *lv granted* 75 NY2d 926). Where there is a variance between the proof and the indictment, and where the proof is directed exclusively to a new theory rather than the theory charged in the indictment, the proof is deemed insufficient to support the conviction *(see, People v Powell, supra)*. Consequently, the first count of the indictment must be dismissed.

Additionally, the proof was insufficient to support defendant's conviction of nine counts of petit larceny because the evidence did not establish his larcenous intent to a moral certainty as required by Penal Law § 155.05 (2) (d). That statute imposes a heavy burden and is designed to insure that the trier of fact does not attribute criminal liability to conduct which constitutes mere breach of contract or nonperformance *(see, People v Churchill,* 47 NY2d 151, 157-158; *People v Ferry,* 142 AD2d 994, *lv denied* 73 NY2d 891). Here, the evidence is not wholly inconsistent with defendant's innocence and does not establish a larcenous intent to a moral certainty. Defendant took significant steps to publish the booklets and the proof is just as susceptible of the inference that his failure to publish was the result of his running out of money as that he intended to steal from his advertisers. (Appeal from judgment of Monroe County Court, Wisner, J.—scheme to defraud, first

degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lowery, JJ.