■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE W. OWENS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a nonjury trial, of robbery in the second degree (Penal Law § 160.10 [2] [a]) for stealing money and other personal property from the person and home of George Kyser and causing physical injury to the victim in the course of commission of the crime. The evidence at trial established that the victim was home alone when he heard a knock on the door; he looked through the window and recognized defendant, who was alone. He admitted defendant and, when he turned to walk back into the house, was hit on the head and knocked unconscious. When he regained consciousness, his house had been ransacked and various items were missing. From this proof it is reasonable to infer that defendant, the only other person present, was the person who struck the victim from behind and knocked him unconscious. It is further reasonable to infer that, while the victim was unconscious, defendant stole the money from the victim's pants pockets and the other items of personal property from the victim's home. The possibility that someone other than defendant might have stolen the property does not preclude the trier of fact from finding defendant guilty (see, People v Ford, 66 NY2d 428, 437).

We have reviewed the other claims of error raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Dillon, J.—robbery, second degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER WEBB, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The judgment must be reversed because the trial court erred in permitting the jurors to return home overnight separately and unsupervised during deliberation (see, CPL 310.10; People v Coons, 75 NY2d 796; People v Smith, 161 AD2d 1160 [decided herewith]). The other issues raised by defendant on appeal lack merit. (Appeal from judgment of Monroe County Court, Celli, J.—rape, first degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.