THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT GULLEDGE, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the integrity of the deliberative process was impugned by the court's management of a juror's diabetes. Defendant's argument that the court coerced the verdict is unpreserved and, in any event, the record does not indicate such coercion *(cf., People v Diaz,* 66 NY2d 744). In sending the court deputy to obtain a juror's wife's telephone number, the court did not delegate a judicial function *(see, People v Bonaparte,* 78 NY2d 26). Defendant was not denied his right to equal protection by the People's use of peremptory challenges; the prosecutor articulated a neutral explanation for excusing the prospective jurors *(see, People v Hernandez,* 75 NY2d 350, 355, *affd* 500 US —, 111 S Ct 1859). Defendant was not denied effective assistance of counsel *(see generally, People v Rivera,* 71 NY2d 705, 709) nor was his sentence harsh and excessive. Defendant's

remaining contention is unpreserved and we decline to reach it in the interest of justice. (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.