■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ARROYO, Appellant. [831 NYS2d 126]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered July 11, 2005, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree and burglary in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.

The court properly precluded defendant from cross-examining a prosecution witness regarding a possible lie she told to defendant's brother in connection with their personal relationship. The alleged false statement was irrelevant to any trial is-

sues, and it was not an act of misconduct affecting the witness's credibility (*see* Prince, Richardson on Evidence § 6-407 [Farrell 11th ed]). While defendant was entitled to attempt to establish the witness's reputation in the community for a lack of truthfulness, he was not entitled to establish specific instances of untruthfulness (*id.* at § 6-403).

The court properly exercised its discretion in precluding impeachment of the shooting victim regarding his possible omission of a minor descriptive detail of the assailant's van, which, insofar as can be discerned from the record, had not even been the subject of questioning when the victim provided a description to police (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]; *People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]).

Defendant's remaining arguments, including his claim that the evidence of burglary was legally insufficient, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. We also find that the verdict convicting defendant of burglary was not against the weight of the evidence. Concur—Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.