■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HONG WU, Appellant. [917 NYS2d 234]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 27, 2009, convicting her of trademark counterfeiting in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Where the charge against a defendant is limited either by a bill of particulars or the indictment itself, the defendant has a "fundamental and nonwaivable" right to be tried only on the crimes charged (*People v Garson*, 69 AD3d 650, 651 [2010] [internal quotation marks omitted]; *see People v Grega*, 72 NY2d 489, 495-496 [1988]; *People v Greaves*, 1 AD3d 979, 980 [2003]; *People v Smith*, 161 AD2d 1160, 1161 [1990]). "[I]t is the

People's burden to provide the defendant with notice of the charges in a clear and concise manner . . . ; it is not the burden of the defendant to piece together clues disclosed in separate unconnected documents to infer what alleged conduct supported which alleged charge" (*People v Sanchez*, 84 NY2d 440, 447 [1994]). "Where there is a variance between the proof and the indictment, and where the proof is directed exclusively to a new theory rather than the theory charged in the indictment, the proof is deemed insufficient to support the conviction" (*People v Smith*, 161 AD2d at 1161).

In this case, the indictment charged the defendant with trademark counterfeiting in the second degree, but omitted the statutory theory of offering counterfeit goods for sale "with the intent to evade a lawful restriction on the sale, resale, offering for sale, or distribution of goods" (Penal Law § 165.72; *see People v Levy*, 15 NY3d 510 [2010]). Since the defendant was not properly apprised of the theory under which the People intended to proceed, the Supreme Court erred in permitting the People to proceed at trial solely on the theory omitted from the indictment (*see People v Sanchez*, 84 NY2d at 446; *People v Grega*, 72 NY2d at 496; *People v Iannone*, 45 NY2d 589, 594-595 [1978]; *People v Smith*, 161 AD2d at 1161). Inasmuch as the proof at trial failed to establish the defendant's guilt under the theory charged in the indictment, as amplified by the bill of particulars, the evidence was insufficient, and the indictment must be dismissed (*see People v Burnett*, 306 AD2d 947, 948 [2003]; *People v Smith*, 161 AD2d at 1161).

In light of the foregoing, we need not reach the defendant's remaining contentions. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.