# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**947**

**KA 11-01832**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

LAMONT D. WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (LIAM A. DWYER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered October 20, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts), menacing a police officer and loitering.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), and one count each of menacing a police officer (§ 120.18) and loitering (§ 240.35 [2]). Defendant failed to preserve for our review his contention that the conviction of one of the two counts of criminal possession of a weapon and the conviction of menacing a police officer are not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19) and, in any event, that contention lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is legally sufficient evidence to establish that defendant intended to use the revolver unlawfully against another (*see* § 265.03 [1] [b]; *see generally People v Hunter*, 46 AD3d 1417, 1417, *lv denied* 10 NY3d 812) and intended to place the officers in reasonable fear of physical injury, serious physical injury or death (*see* § 120.18; *People v McCottery*, 90 AD3d 1323, 1324-1325). The officers testified that defendant was ordered to drop his weapon and refused to comply, and that defendant pointed the gun or waved the gun at the officers as they pursued him. Viewing the evidence in light of the elements of the crimes of criminal possession of a weapon in the second degree and menacing a police officer as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention

that the verdict with respect to those three counts is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's further contention that he was denied a fair trial by prosecutorial misconduct is not preserved for our review (*see People v Thomas*, 96 AD3d 1670, 1673) and, in any event, is without merit. Although defendant is correct that the prosecutor improperly cross-examined a defense witness regarding whether he had been arrested and the grounds for those arrests (*see People v Morrice*, 61 AD3d 1390, 1391-1392), that one instance of prosecutorial misconduct was not so egregious as to deprive defendant of a fair trial (*see People v Szyzskowski*, 89 AD3d 1501, 1503). We reject defendant's contention that the prosecutor engaged in misconduct during her summation inasmuch as the comments in question were fair response to the summation of defense counsel (*see People v Rivers*, 82 AD3d 1623, 1624, *lv denied* 17 NY3d 904; *People v Cunningham*, 12 AD3d 1131, 1132, *lv denied* 4 NY3d 829, *reconsideration denied* 5 NY3d 761). We reject defendant's further contention that he was denied effective assistance of counsel based on the failure of defense counsel to object to the alleged instances of prosecutorial misconduct (*see People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968; *see generally People v Baldi*, 54 NY2d 137, 147).

Finally, defendant contends that County Court failed to comply with CPL 270.35 in discharging a sworn juror, requiring reversal. Defendant, however, consented to the discharge of that juror and therefore has waived that contention (*see People v Barner*, 30 AD3d 1091, 1092, *lv denied* 7 NY3d 809; *see also People v Davis*, 83 AD3d 860, 861).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court