# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

507

KA 11-01503

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LAMARIO COTTO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (RYAN D. HAGGERTY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 7, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation inasmuch as he did not object to any of the alleged improprieties (see *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967; *People v Smith*, 90 AD3d 1565, 1567, *lv denied* 18 NY3d 998; *People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965). In any event, defendant's contention is without merit. Some of the prosecutor's allegedly improper comments were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915), and the remaining alleged instances of misconduct were not so egregious as to deprive defendant of a fair trial (see *People v Pringle*, 71 AD3d 1450, 1451, *lv denied* 15 NY3d 777; *People v Scott*, 60 AD3d 1483, 1484, *lv denied* 12 NY3d 859). Notably, two of the instances of alleged prosecutorial misconduct cited by defendant relate solely to the count of which he was acquitted. Finally, the sentence imposed is not unduly harsh or severe.

Entered:  May 3, 2013                        Frances E. Cafarell
                                             Clerk of the Court