# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1102**

**KA 13-00200**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

DAVID D. DUELL, JR., DEFENDANT-APPELLANT.

---

DIMARTINO LAW OFFICE, OSWEGO (CARL L. SCHMIDT OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID D. DUELL, JR., DEFENDANT-APPELLANT PRO SE.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 18, 2012. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, sexual abuse in the second degree (seven counts), criminal sexual act in the first degree, course of sexual conduct against a child in the first degree and endangering the welfare of a child (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of sexual abuse in the first degree and sexual abuse in the second degree under the third and ninth counts of the indictment and dismissing counts two, three and nine of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [4]), course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]), sexual abuse in the first degree (§ 130.65 [1]), and seven counts of sexual abuse in the second degree (§ 130.60 [2]), defendant contends in both the main brief and in the pro se supplemental brief that the conviction is not supported by legally sufficient evidence. Although defendant failed to preserve his contention for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678), we note that preservation is not required with respect to the sufficiency challenge raised in the main brief. The gravamen of defendant's contention is that the evidence at trial is legally insufficient to support the conviction because it varied from the limited theories of sexual contact alleged in the indictment. "Where the charge against a

defendant is limited either by a bill of particulars or the indictment itself, the defendant has a 'fundamental and nonwaivable' right to be tried only on the crimes charged" (*People v Hong Wu*, 81 AD3d 849, 849, *lv denied* 17 NY3d 796; *see generally People v Grega*, 72 NY2d 489, 495-496; *People v Greaves*, 1 AD3d 979, 980). We have thus held that, where, as here, a defendant contends that he or she has been convicted upon an uncharged theory of the crime, such a contention does not require preservation (*see People v Gunther*, 67 AD3d 1477, 1478; *see also Greaves*, 1 AD3d at 980). In any event, were preservation required, we would nevertheless exercise our discretion to address defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

A conviction is supported by legally sufficient evidence "when, viewing the facts in [the] light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349; *see People v Bleakley*, 69 NY2d 490, 495). Here, because the People specifically narrowed the type of sexual contact alleged in counts two, three and nine of the indictment, County Court was "obliged to hold the prosecution to this narrower theory alone" (*People v Barnes*, 50 NY2d 375, 379 n 3; *see People v Smith*, 161 AD2d 1160, 1161, *lv denied* 76 NY2d 865). We agree with defendant that the People failed to present evidence concerning the specific type of sexual contact alleged in those counts of the indictment.

"Where there is a variance between the proof and the indictment, and where the proof is directed exclusively to a new theory rather than the theory charged in the indictment, the proof is deemed insufficient to support the conviction" (*Smith*, 161 AD2d at 1161; *see e.g. Gunther*, 67 AD3d at 1477-1478; *People v Jones*, 165 AD2d 103, 109-110, *lv denied* 77 NY2d 962). Counts two and three of the indictment alleged hand-to-vagina contact, but the victim testified that the only part of defendant's body that came into contact with her vagina was defendant's penis. Indeed, when asked specifically if any other part of defendant's body came into contact with her vagina during the incident encompassed by counts two and three, the victim responded, "No." Count nine of the indictment alleged penis-to-vagina contact, but the victim testified that defendant touched her vagina with his hand during that incident. Again, when asked specifically if any other part of defendant's body came into contact with her vagina during the incident encompassed by count nine, the victim responded, "No." We thus conclude that the evidence is legally insufficient to support the conviction with respect to counts two, three and nine and that defendant was denied his fundamental and nonwaivable right to be tried on only those crimes charged in the indictment. We therefore modify the judgment accordingly.

Viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that the verdict on the remaining counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends in his main brief that he was denied a fair trial because certain spectators were mouthing words and otherwise gesturing to the victim while she was testifying. When the court brought the spectators' conduct to defense counsel's attention, defense counsel asked that those spectators be removed from the courtroom. The court denied that request but indicated that, if such conduct continued, the offending spectators would be removed. "[T]he decision to exclude a spectator from the courtroom rests in the discretion of the trial court" (*People v Stearns*, 72 AD3d 1214, 1218, *lv denied* 15 NY3d 778; *see generally People v Kin Kan*, 78 NY2d 54, 57-58, *rearg denied* 78 NY2d 1008). Ultimately, the question is whether the spectator's presence could "severely undermine[] the truth seeking function of the court" (*People v Ming Li*, 91 NY2d 913, 917). Defendant contends that the only evidence establishing the durational element of the course of sexual conduct count was elicited during the victim's first day of testimony, when the alleged interference occurred. While defendant's contention is correct, there is nothing to indicate that any actions by the spectators affected the victim's testimony. Indeed, the victim denied seeing any of the spectators' conduct, and there is nothing to establish that defendant was otherwise prejudiced by that conduct. We thus conclude that the court did not abuse its discretion in refusing to exclude the spectators from the courtroom.

In his pro se supplemental brief, defendant further contends that the court erred in failing, sua sponte, to order a mistrial as a result of the spectators' conduct and that the court improperly delegated its authority to control the courtroom to the prosecutor by allowing the prosecutor to admonish those spectators. We reject those contentions. " 'It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial' " (*People v Lewis*, 247 AD2d 866, 866, *lv denied* 93 NY2d 1021; *see generally People v Michael*, 48 NY2d 1, 9). As noted above, there is nothing in the record to indicate that defendant was prejudiced by the spectators' conduct and, therefore, under these circumstances, we cannot say that the court abused its discretion in refusing, sua sponte, to order a mistrial. We further conclude that the court did not improperly delegate its authority to control the courtroom to the prosecutor. Indeed, the court, in recognition of its duties under 22 NYCRR 100.1 and 100.3 (B) (2), sua sponte, raised the issue of spectator interference. At that point, the prosecutor advised the court that he would admonish the spectators. In permitting the prosecutor to do so, the court did not improperly delegate a judicial function (*see e.g. People v Daughtry*, 242 AD2d 731, 732, *lv denied* 91 NY2d 871; *People v Gulledge*, 187 AD2d 1029, 1029, *lv denied* 81 NY2d 886; *cf. People v Bayes*, 78 NY2d 546, 551).

Although defendant contends that certain questions posed to the child sexual abuse accommodation syndrome expert were improper, he did not object to that testimony at trial and thus did not preserve his contention for our review (*see People v Spicola*, 16 NY3d 441, 465-466, *cert denied* ___ US ___, 132 S Ct 400; *People v Justice*, 99 AD3d 1213,

1214-1215, *lv denied* 20 NY3d 1012).  In any event, we see no error in the challenged portion of the testimony (*see generally People v Keindl*, 68 NY2d 410, 422, *rearg denied* 69 NY2d 823).  The expert never opined that defendant committed the crimes; that the victim was, in fact, sexually abused; or that the victim's behavior was consistent with such abuse (*see People v Carroll*, 95 NY2d 375, 387; *see also Spicola*, 16 NY3d at 465-466).

Defendant further contends that prosecutorial misconduct on summation deprived him of a fair trial.  With respect to those instances of prosecutorial misconduct to which defendant objected, the court sustained the objections and issued curative instructions to the jury.  Inasmuch as "[d]efendant did not request further curative instructions or move for a mistrial with respect to those objections[,] . . . the court 'must be deemed to have corrected the error[s] to the defendant's satisfaction' " (*People v White*, 291 AD2d 842, 842-843, *lv denied* 98 NY2d 656, quoting *People v Williams*, 46 NY2d 1070, 1071; *see People v Robinson*, 111 AD3d 1358, 1359, *lv denied* 22 NY3d 1141).  Defendant failed to raise any objection at trial to the remainder of the comments he challenges on appeal and, therefore, defendant's contention insofar as it concerns those comments is not preserved for our review (*see People v Ortiz-Castro*, 12 AD3d 1071, 1071, *lv denied* 4 NY3d 766).  In any event, we conclude that those comments now challenged by defendant were a fair response to defense counsel's summation (*see People v Cotto*, 106 AD3d 1534, 1534; *People v Williams*, 98 AD3d 1279, 1280, *lv denied* 20 NY3d 1066).

Contrary to defendant's remaining contentions in the main brief and in the pro se supplemental brief, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147*)*, and that the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court