OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered May 10, 2011, reversed, on the law, and the accusatory instrument dismissed.
Defendant was charged in a misdemeanor information with petit larceny and criminal possession of stolen property in the fifth degree, based upon allegations that he attempted to leave a particular Babies “R” Us store without paying for merchandise concealed in his hands. At the initial bench trial on the charges, the People adduced evidence showing a refund fraud rather than a typical shoplift, namely, that defendant removed certain items from a store shelf and then took the items to the return desk for a refund to which he was not entitled. Upon the close of evidence, defendant moved for an order of dismissal or an acquittal, on the ground that the People’s proof of an alleged refund fraud varied from the allegations set forth in the accusatory instrument, and that his right to fair notice was therefore violated. Criminal Court denied the motion to dismiss and instead granted a mistrial over defendant’s objection. The court held that
“there was not fair notice of the different theory which the People would rely on . . .he original accusatory instrument is completely different from a factual standpoint from what the proof was at trial. The Court should have adjourned the matter, the People should have superseded the complaint stating their new theory ... at this point I think the only fair remedy for both sides is that the Court will declare a mistrial and order a new trial and *83 the People must supersede the complaint setting forth the theories supported by the actual facts of what happened here.”
Defendant’s subsequent motion to dismiss on double jeopardy grounds was denied. The People then filed a new information charging defendant with attempted petit larceny and attempted fifth degree criminal possession of stolen property, based upon allegations that he removed certain merchandise from the store and presented said items to the return desk with a receipt that did not match any of the items. Following a second trial, defendant was convicted of both charges.
We agree with defendant that the second prosecution for the crimes that were subject to the aborted first trial violated the constitutional prohibition against double jeopardy.
When a mistrial is granted without the consent or over the objection of defendant, the principle of double jeopardy will generally bar a retrial unless the People demonstrate that the mistrial was granted “as the product of manifest necessity” (Matter of Davis v Brown, 87 NY2d 626, 630 [1996]; Matter of Enright v Siedlecki, 59 NY2d 195, 199-200 [1983]), or, that it was “physically impossible to proceed with the trial in conformity with law” (CPL 280.10 [3]; see Matter of Colcloughley v Johnson, 115 AD2d 58, 61 [1986]; Matter of Dickson v Morgenthau, 102 AD2d 168, 170-171 [1984]).
In this case, the People have not met their burden. That the People entered upon the initial trial with evidence that did not comport with the facts in the information is not a situation where it is impossible to proceed with the trial, and does not support the existence of a manifest necessity for the mistrial (see Downum v United States, 372 US 734 [1963]). The circumstances herein are solely of the People’s own making, and do “not take the case out of the rule with reference to former jeopardy” (id. at 737 [internal quotation marks omitted]). Defendant possessed a “valued right” to have his first trial completed (Hall v Potoker, 49 NY2d 501, 505 [1980]), “and, perhaps, end the dispute then and there with an acquittal” (Matter of Cardin v Sedita, 53 AD2d 253, 259 [1976], quoting United States v Jorn, 400 US 470, 484 [1971]), or dismissal (see People v Hong Wu, 81 AD3d 849 [2011], lv denied 17 NY3d 796 [2011]). That right attains special importance in a case such as this, given the tactical advantage that defendant obtained — and which the People obviated at the second trial — by reasons of the evidence being at variance with the charges (see generally Matter of Fer *84 lito v Judges of County Ct., Suffolk County, 31 NY2d 416, 419 [1972]). Double jeopardy will bar a second attempt by the People to adduce legally sufficient evidence of guilt after they have been unsuccessful in one full and fair opportunity to do so (see Rafferty v Owens, 82 AD2d 582, 584 [1981]).
No matter the worthy intent of the trial judge, reprosecution, after a mistrial has unnecessarily been declared subjects the defendant to the same personal and financial strain and insecurity which the double jeopardy provision was intended to prevent (see Matter of Zeigler v Morgenthau, 99 AD2d 989, 991 [1st Dept 1984, Alexander, J., dissenting], revd on dissent 64 NY2d 932 [1985]; Arizona v Washington, 434 US 497, 503-505 [1978]). Thus the judgment convicting defendant after the second trial must be reversed.
In light of this disposition, we need not and do not address defendant’s remaining points.
Lowe, III, P.J., Schoenfeld and Hunter, Jr., JJ., concur.