# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**224**
**KA 11-00808**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TERRY L. DRAKE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

GENESEE VALLEY LEGAL AID, INC., GENESEO (JEANNIE D. MICHALSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered June 24, 2010. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and incest in the third degree (two counts).

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of two counts of incest in the third degree is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and two counts of incest in the third degree (§ 255.25). In appeal No. 2, defendant appeals from a resentence involving the two counts of incest. We note, however, that defendant raises no contention with respect to the resentence in appeal No. 2, and we therefore dismiss the appeal therefrom (*see People v Minemier*, 124 AD3d 1408, 1408).

Contrary to defendant's contention, he implicitly waived his rights under *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759) during jury selection when, after being advised by County Court that he had the right to attend bench conferences, he chose not to do so (*see People v Flinn*, 22 NY3d 599, 601, *rearg denied* 23 NY3d 940). In any event, we note that the bench conference at issue resulted in a juror being dismissed for cause. It is well settled that, "even where a defendant has been erroneously excluded from a sidebar conference with a prospective juror, the error is not reversible if that potential juror has been excused for cause by the court" (*People v Maher*, 89 NY2d 318, 325).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he made only a general motion for a trial order of dismissal rather than one specifically directed at the alleged deficiency in the People's proof (*see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19).  In any event, defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Defendant's contention that the evidence before the grand jury was legally insufficient with respect to counts two and three of the indictment "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Lee*, 56 AD3d 1250, 1251, *lv denied* 12 NY3d 818).

We reject defendant's further contention that his written statement given to the police should have been suppressed because he allegedly has minimal reading skills and the statement was not read to him by the police.  The court was free to credit the testimony of the police officers to the contrary (*see People v Daley*, 207 AD2d 1000, 1000-1001, *lv denied* 84 NY2d 1010), and the record establishes that defendant was able to read the statement that he gave to the police (*see People v Fontanez*, 278 AD2d 933, 934, *lv denied* 96 NY2d 862).

Defendant contends that the court abused its discretion in denying his application to cross-examine the victim about two alleged prior false accusations of misconduct made against others.  We conclude that the victim's prior allegation of verbal harassment perpetrated against her by another person, even if false, "fails to suggest a pattern casting substantial doubt on the validity of the present charges" or to "indicate a significant probative relation to such charges" (*People v Blackman*, 90 AD3d 1304, 1310, *lv denied* 19 NY3d 971 [internal quotation marks omitted]).  With respect to the complaint the victim made to the police against another person for allegedly calling her names in a department store, we conclude that defendant was attempting to attack the victim's credibility with a specific instance of alleged untruthfulness—a tactic that is per se improper (*see People v Arroyo*, 37 AD3d 301, 301-302, *lv denied* 9 NY3d 839).  Nor was the victim's complaint to the police shown to be an act of misconduct affecting her credibility (*see People v Jones*, 115 AD2d 302, 302-303).  We thus conclude that the court did not abuse its discretion in denying defendant's application.

Defendant failed to preserve for our review his contention that the court erred in admitting the testimony of the People's expert on child sexual abuse accommodation syndrome (*see People v Englert*, 130 AD3d 1532, 1533, *lv denied* 26 NY3d 967).  In any event, that contention is without merit.  It is well settled that such testimony is admissible to explain the behavior of child sex abuse victims as long as it is general in nature and does not constitute an opinion that a particular alleged victim is credible or that the charged crimes in fact occurred (*see People v Williams*, 20 NY3d 579, 583-584;

*People v Gayden*, 107 AD3d 1428, 1428-1429, *lv denied* 22 NY3d 1138).
We have reviewed defendant's claims of ineffective assistance of
counsel and conclude that they are without merit (*see generally People
v Caban*, 5 NY3d 143, 152; *People v Baldi*, 54 NY2d 137, 147).
Defendant failed to preserve for our review his contention that he was
denied a fair trial by prosecutorial misconduct on summation (*see* CPL
470.05 [2]).  In any event, we conclude that his contention lacks
merit (*see generally People v Halm*, 81 NY2d 819, 821).

We have reviewed defendant's remaining contentions and conclude
that they are without merit.

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court