People v Lathrop (2019 NY Slip Op 03168)





People v Lathrop


2019 NY Slip Op 03168


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


97 KA 14-00199

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEXANDER LATHROP, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 1, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the third degree (Penal Law § 130.25 [2]). Defendant contends that he was denied a fair trial because certain portions of the testimony of an expert witness concerning child sexual abuse accommodation syndrome (CSAAS) exceeded permissible bounds of admissible evidence. It is well settled that expert testimony concerning CSAAS "is admissible to explain the behavior of child sex abuse victims as long as it is general in nature and does not constitute an opinion that a particular alleged victim is credible or that the charged crimes in fact occurred" (People v Drake, 138 AD3d 1396, 1398 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see People v Diaz, 20 NY3d 569, 575-576 [2013]; People v Williams, 20 NY3d 579, 583-584 [2013]). Contrary to defendant's contention, we conclude that the expert's generalized testimony regarding the prevalence of father-daughter relationships in the child sexual abuse cases that he had worked, which provided further context and support for his explanation of CSAAS that child victims may exhibit secrecy and delayed disclosure behaviors when the perpetrator is an adult family member such as a parent, did not exceed permissible bounds (see Diaz, 20 NY3d at 575-576; People v Spicola, 16 NY3d 441, 458, 466 [2011], cert denied 565 US 942 [2011]; People v LoMaglio, 124 AD3d 1414, 1416 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]).
Defendant failed to preserve for our review his contention that Supreme Court erred in allowing the expert to testify about the frequency with which perpetrators used physical force in the child sexual abuse cases that he had worked (see Spicola, 16 NY3d at 465-466; People v Duell, 124 AD3d 1225, 1229 [4th Dept 2015], lv denied 26 NY3d 967 [2015]). In any event, that contention lacks merit. The expert explained that it was rare for a perpetrator to use physical force against a child victim because doing so would discourage continued access to the child; instead, a perpetrator might lie to the child to encourage the child to return and a child might not resist because some of the abuse might be "disguised" to the child, e.g., a shoulder rub or massage that is sexually gratifying for the perpetrator but not perceived as abuse by the child, which causes further delay in disclosure. That testimony was admissible inasmuch as it "assisted in explaining victims' subsequent behavior that the factfinder might not understand, such as why victims may accommodate [perpetrators] and why they wait before disclosing the abuse" (Williams, 20 NY3d at 584; see Diaz, 20 NY3d at 575; People v Gopaul, 112 AD3d 966, 967 [2d Dept 2013]).
Contrary to defendant's contention, our holding in People v Ruiz (159 AD3d 1375 [4th Dept 2018]) does not require a different result. Consistent with Court of Appeals precedent on [*2]this issue, Ruiz stands for the proposition that a court's admission in evidence of expert testimony regarding the behavior of perpetrators constitutes an abuse of discretion where such testimony is not admitted to assist the factfinder in understanding victims' unusual behavior, such as accommodation of perpetrators and delay in disclosure of the abuse, and exceeds permissible bounds by reference to behavior in specific terms that mirrors the abuse that occurred in that particular case (id. at 1376-1377; see Diaz, 20 NY3d at 575-576; Williams, 20 NY3d at 584). Here, the expert's testimony does not suffer from those deficiencies. "Although some of the testimony discussed behavior similar to that alleged by the [victim] in this case, the expert spoke of such behavior in general terms" (Diaz, 20 NY3d at 575; see LoMaglio, 124 AD3d at 1416; cf. Ruiz, 159 AD3d at 1376-1377).
Defendant's remaining challenge to the expert's testimony is not preserved for our review (see Spicola, 16 NY3d at 465-466; Duell, 124 AD3d at 1229), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, the court did not err in permitting a police investigator to testify that she investigated allegations in a Child Protective Services report that the victim had been raped and the suspect was her father. The court properly admitted that evidence inasmuch as " nonspecific testimony about [a] child-victim's reports of sexual abuse [does] not constitute improper bolstering [when] offered for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest' " (People v Ludwig, 24 NY3d 221, 231 [2014]). Defendant's remaining challenges to the investigator's testimony are not preserved for our review (see CPL 470.05 [2]; People v Yelle, 303 AD2d 1043, 1044 [4th Dept 2003], lv denied 100 NY2d 626 [2003]), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (see CPL 470.05 [2]; Drake, 138 AD3d at 1398), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We have reviewed defendant's claims of ineffective assistance of counsel and conclude that they are without merit (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, defendant contends that he was denied a fair trial by the cumulative effect of the errors alleged herein. We reject defendant's contention with respect to the preserved alleged errors previously reviewed, and we decline to exercise our power to review his contention with respect to the unpreserved alleged errors as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Terborg, 156 AD3d 1320, 1322 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court