People v Notice (2022 NY Slip Op 51263(U))

[*1]

People v Notice (Anthony)

2022 NY Slip Op 51263(U) [77 Misc 3d 134(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2018-1754 K CR

The People of the State of New
York, Respondent,
against
Anthony Notice, Appellant. 

Appellate Advocates (Chelsea Lopez of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ruth E. Ross and Daniel Berman of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings
County (Elizabeth N. Warin, J.), rendered August 2, 2018. The judgment, insofar as
appealed from as limited by the brief, convicted defendant, upon a jury verdict, of one
count of violating Agriculture and Markets Law § 353, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is reversed,
on the law, and, as a matter of discretion in the interest of justice, so much of the
accusatory instrument as charged defendant with the count of violating Agriculture and
Markets Law § 353 of which he was convicted is dismissed.
The information charging defendant with, among other things, violating Agriculture
and Markets Law § 353 provides, that, on or about January 2 and 3, 2018,
defendant committed the following: "OVERDRIVING, TORTURING, AND INJURING
ANIMALS OR FAILURE TO PROVIDE PROPER SUSTENANCE FOR ANIMALS
(2 COUNTS)." The factual allegations in the information provide that two dogs (Princess
and Ciroc) were being kept outside in a vacant lot, where there was no food in the dogs'
bowl, the water in their bowl was frozen, the dogs were shivering and the temperature
was between 18 and 21 degrees. Additionally, it was alleged that [*2]there was no proper shelter for the dogs and that Princess
was underweight.
At a Molineux hearing (People v Molineux, 168 NY 264 [1901]), the
prosecutor sought permission to use on direct testimony medical records showing, among
other things, Princess's condition and treatment in 2017, prior to the instant offense.
Initially, the Criminal Court denied the People's Molineux request but warned
that if defense counsel opened the door to past conditions of the dog, the People would
be permitted to use such evidence on their direct case. 
In the People's opening statement at a jury trial, the prosecutor stated that the "case is
about the defendant's refusal to provide his two dogs, Princess and Ciroc, with the most
basic needs, such as access to food, water and adequate shelter to keep them safe and
warm through the cold winter days." The testimony by the People's witnesses established
that the two dogs were being kept outside in a vacant lot, where there was no food in
their bowl, another bowl contained frozen water, the dogs were shivering and the
temperature was between 18 and 21 degrees. In addition, Princess was underweight. The
shelter for the dogs consisted of a wire-mesh uninsulated enclosure covered with a plastic
tarp.
After defense counsel opened the door to past conditions of the dog, the People
presented evidence of Princess's prior medical conditions. A forensic veterinarian at the
ASPCA testified that, in 2017, Princess had an ear infection and defendant was told to
bring Princess back two weeks after the treatment for the ear infection, but he never
returned with her. Regarding the latest incident, Princess presented with a double ear
infection and a torn ACL, which condition had existed for at least several weeks, or
possibly months, and was causing her to have pain in her hind legs. Subsequent to the
arrest, she had surgery to repair the ACL in both her knees. 
During summation, the prosecutor commented, among other things, that an animal
owner is required to provide sustenance and that defendant did not provide veterinary
care for her ear infections and knee pain. The court denied defense counsel's request for a
limited instruction requesting that the jury be charged that ear infections and knee issues
prior to this incident were not the subject of the jury charge. 
The court's jury instruction, with respect to the count charging defendant with
violating Agriculture and Markets Law § 353, provided that a person is guilty of
this crime when he or she deprives any animal of necessary sustenance, food or drink or
neglects or refuses to furnish it such sustenance or drink or causes, procures or permits
any animal to be deprived of necessary food and drink or willfully sets on foot, instigates,
engages in or in any way furthers any act of cruelty to an animal or any act tending to
produce such cruelty. The court further defined the term "sustenance" to "include[]
veterinary care or shelter adequate to maintain the animal's health and comfort." 
The jury found defendant guilty of, among other things, one count of Agriculture
and Markets Law § 353 with respect to Princess. The jury acquitted defendant of
the second count charging him with the same offense with respect to Ciroc. The court
sentenced defendant to a [*3]conditional discharge,
among other things.
On appeal, defendant contends that defendant was denied a fair trial because the
People changed the theory of the case and that they relied on Molineux evidence
to support the new theory. Additionally, defendant contends that the charge to the jury
concerning the element of sustenance and the prosecutor's summation remarks that
defendant denied Princess veterinary care prejudiced the jury.
It is well settled that the People are bound by their theory of the offenses as set forth
in an indictment, in recognition of an accused's right to sufficient notice of the specifics
of the criminal conduct alleged in order to afford defendant the opportunity to prepare a
defense and avoid reprosecution for the same crime (see People v Grega, 72
NY2d 489, 495-497 [1988]; People v Spann, 56 NY2d 469, 472 [1982]; People v Plaisted, 1 AD3d
805, 806 [2003]). But, " '[w]here there is a variance between the proof and the
indictment, and where the proof is directed exclusively to a new theory rather than the
theory charged in the indictment, the proof is deemed insufficient to support the
conviction' " (People v Hong
Wu, 81 AD3d 849, 850 [2011], quoting People v Smith, 161 AD2d
1160, 1161 [1990]). This principle also applies to cases where a defendant is charged
with an offense in an information (see People v Miles, 64 NY2d 731, 732-733
[1984]; see generally Spann, 56 NY2d at 473). 
Here, defendant was charged in the information with violating Agriculture and
Markets Law § 353 in that he "depriv[ed] an[] animal of necessary sustenance, food
or drink, or neglect[ed] or refus[ed] to furnish it such sustenance or drink." The
information made no reference to defendant's failure to provide veterinary care for
Princess's ear infections and knee pain. We find that a new theory was presented at trial
based on the evidence and the prosecutor's summation remarks indicating, among other
things, that defendant failed to provide veterinary care for Princess's infected ears and
knee pain. The variance between the charge as set forth in the accusatory instrument and
the proof at trial deprived defendant of fair notice of the charge upon which he was to be
tried (see People v Joon Ho Chin, 267 AD2d 404 [1999]; People v
Gachelin, 237 AD2d 300, 301 [1997]; People v Martin, 23 Misc 3d 67, 69-70 [App Term, 2d
Dept, 9th & 10th Jud Dists 2009]) and prejudiced defendant, since the jury's guilty
verdict on the count relating to Princess under Agriculture and Markets Law § 353
could have been based on this new theory by finding that defendant failed to provide
Princess with veterinary care (see People v Gentles, 171 AD3d 471, 472 [2019]).
Consequently, the judgment, insofar as appealed from, convicting defendant of violating
Agriculture and Markets Law § 353, must be reversed. Furthermore, as a matter of
discretion in the interest of justice, we dismiss the accusatory instrument, since defendant
has completed his sentence and no penological purpose would be served by reinstating
the proceedings (see People v
Vicuna, 53 Misc 3d 153[A], 2016 NY Slip Op 51734[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2016]; People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op
51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
In view of the foregoing we do not pass upon defendant's remaining
contentions.
Accordingly, the judgment of conviction, insofar as appealed from, is reversed and,
as a matter of discretion in the interest of justice, so much of the accusatory instrument as
charged defendant with the count of violating Agriculture and Markets Law § 353
of which he was convicted is dismissed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2,
2022