People v Gonzalez (2023 NY Slip Op 01607)

People v Gonzalez

2023 NY Slip Op 01607

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

99 KA 20-01206

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FIDENCIO GONZALEZ, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered September 2, 2020. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child and rape in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of predatory sexual assault against a child (Penal Law
§ 130.96) and rape in the second degree (§ 130.30 [1]), defendant contends that Supreme Court abused its discretion in permitting the People's expert to testify about child sexual abuse accommodation syndrome (CSAAS). We reject that contention. Expert testimony concerning CSAAS "is admissible to explain the behavior of child sex abuse victims as long as it is general in nature and does not constitute an opinion that a particular alleged victim is credible or that the charged crimes in fact occurred" (People v Drake, 138 AD3d 1396, 1398 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]). Here, "[a]lthough some of the testimony discussed behavior similar to that alleged by the [victim] in this case, the expert spoke of such behavior in general terms" and, "[i]n addition, the jury heard the expert testify that she was not aware of the facts of the particular case, did not speak with the [victim or anyone from her family,] and was not rendering an opinion as to whether sexual abuse took place" (People v Diaz, 20 NY3d 569, 575-576 [2013]; see People v Slaughter, 207 AD3d 1185, 1186 [4th Dept 2022], lv denied 39 NY3d 964 [2022]; People v Young, 206 AD3d 1631, 1632 [4th Dept 2022]). Contrary to defendant's contention, we conclude that "the expert's testimony, grounded in [her] professional knowledge and training, provided relevant information outside the ken of the jurors and was properly admitted" (People v Nicholson, 26 NY3d 813, 829 [2016]).
Defendant further contends that the court committed a fundamental error during jury selection. During voir dire, the prosecutor exercised a peremptory challenge to prospective juror number 13. In response, the court discharged prospective juror number 14, presumably by mistake. Neither the prosecutor nor defense counsel objected, and prospective juror number 13 ended up serving on the jury. Although defendant correctly concedes that his contention is unpreserved for our review, he asserts that the court's handling of the prosecutor's peremptory challenge constitutes a mode of proceedings error that is "immune from normal preservation principles" (People v Silva, 24 NY3d 294, 299 [2014], rearg denied 24 NY3d 1216 [2015]). We reject that contention. "Not every procedural misstep in a criminal case is a mode of proceedings error," a term that is "reserved for the most fundamental flaws" in a criminal proceeding (People v Becoats, 17 NY3d 643, 651 [2011], cert denied 566 US 964 [2012]), such as shifting the burden of proof from the People to the defense (see People v Patterson, 39 NY2d 288, 296 [1976], affd 432 US 197 [1977]). In our view, the court's mistaken discharge of prospective [*2]juror number 14 instead of number 13 does not rise to the level of a mode of proceedings error, and we decline to exercise our power to address defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), particularly given that defendant has failed to demonstrate how he was prejudiced by the error (see generally People v Rodriguez, 32 AD3d 1203, 1204 [4th Dept 2006], lv denied 8 NY3d 849 [2007]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court